Ewing, C. J.
This is a certiorari in a case of unlawful detainer. The reasons for reversal are " because the estate of the plaintiff if he hath* any is not set forth in the complaint filed; ” and “ because the plaintiff had no such interest or estate in the premises in controversy as would enable him to bring and sustain a complaint for an unlawful detainer.”
This proceeding is founded on the fifth section of the act concerning forcible entries and detainers, Rev. Laws 349. According to this section, to maintain his complaint, the complainant must shew, that the defendant was a tenant for a term of life or lives, year or years, or is in possession of the premises bj^ from or under, or by collusion with, such tenant, that the term has expired; that demand and notice in writing, for the delivery of the possession thereof, have been made by his landlord, lessor, or the person to whom the remainder or reverson shall belong, his, her or their agent or attorney thereunto lawfully authorized; and that the defendant holds over after such demand and notice wilfully and without force.
In the present case the complainant gave in evidence a lease of the premises for years from himself to one John Allen, ^expiring on the 1st day of April, 1830, and shewed that the defendant on the 30th of March, 1830, went into possession of the premises while in the possession of the said Allen, the tenant of the complainant, and before his term had expired, with the consent of Allen, and against the will of the complainant; that on the 5th of April, demand and notice in writing, for the delivery of the possession, were made by the complainant; and that the defendant refused to quit and continued to hold the premises. A prima facie case and right to recover were thus made out.
The defence was to the following effect: That the complainant, by intermarriage with Mary Scott, the owner in fee simple under the will of her father John R. Schenck, *230 became entitled to the premises in question for the joint lives of himself and wife; that on the 27th of February, 1830, by an act of the legislature, a divorce had taken place, and the marriage contract was thereby “as fully and as absolutely dissolved as if they'had never been joined in matrimony,” and-that all the interest and estate of Smith in the premises in question had therefrom and thereby entirely ceased; wherefore, he had no right to.the possession, nor to make the demand, nor to recover on this complaint of unlawful detainer.
The defence thus set up on the part of the defendant is, not to controvert any of the matters proved on the part of the plaintiff and requisite to entitle to him to recover in this form of proceeding, but is simply to shew that Smith had no estate in or title to the premises at the time of the detainer of which he complains.
This defence rests entirely on an inquiry into the estate of Smith. “You had an estate but it is ended; you had a title but it has ceased; you have now none.” These points cannot be established without an inquiry into the estate and title. But the legislature have expressly prdhibited such inquiry in this procedure. If in cases arising under this act the complainant cannot recover without proof of title, he must resort to some other action. If the defendant cannot, without inquiry into the estate and title of the premises, protect himself, he must submit and seek his rights in another forum. It is expressly enacted “ that the estate or merits of the title shall in no wise be inquired into on any complaint which shall be exhibited by virtue *of this act.” If it be said that by the fifth section, the person to whom the reversion or remainder shall belong is authorized to complain, and that oftentimes he cannot shew himself to be such person without an exhibition of his title, I answer, when such is the case, as the whole act must be regarded in the construction of any part, he must seek redress elsewhere. This remedy was not intended for him. *231 The cause comes before us by a special case, agreed on at the trial, and made part of the record; in which the facts above referred to are stated and some of them admitted by the parties. We are bound, however, to regard it as a caso of unlawful detainer; to apply to it the rules whereby that mode of procedure is governed; and to consider no other question than such as may be there permitted.
The whole case was stated, for the purpose of bringing it at once before this court, and enabling the parties to investigate, here, the effect of the divorce on the estate of the complainant, if the inquiry was admissible. But as the inquiry is resisted by the defendant’s counsel and appears to me wholly excluded, I think the plaintiff in certiorari, however sound may be his legal conclusions as to the effect of the divorce, which I have not examined, and do not propose to decide, cannot on that account prevail in obtaining a reversal of the judgment.
The same course of reasoning proves to my satisfaction that the plaintiff in certiorari cannot avail himself of the alleged variance between the estate which the complainant avers in his complaint, and that which he is said to have held in the premises in question. The complainant was not required, in order to maintain his action to shew on the trial his title or prove the nature of his estate. But the defendant says, “ you have averred that you had an estate for years, and I will shew' that you had a different one, an estate for the joint lives of yourself and wife.” Can this be done without an inquiry into the estate of the complainant? I think not. How far such variance might be urged if the complainant had himself on the trial shewn the nature of his estate, or had been from the exigency of the case compelled to disclose it, there will be time enough to inquire when the question is actually presented. There may be some incongruity between the section which directs the estate to be set out in the complaint, and that which forbids an inquiry info it. Something *of the kind seems to have occurred *232 to the Chief Justice, when he remarked in Van Aulen v. Westbrook, Penn. 108, “ How essential this part of the complaint is for the attainment of justice it is not necessary tosíate.” It is enough that the legislature have forbidden any inquiry into the estate or merits of the title, to prevent us-from doing so, even where the facts stated by the parties might present appropriate questions, or where they may have thus desired in a summary way to obtain a decision of this-court on their respective claims.
I find no sufficient reason for the reversal of the judgment.
Ford J. and Drake J. concurred.